**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                    NO. 4:07CR00248 JLH

STEPHEN WILLIAMS                                                                            DEFENDANT

**<u>ORDER</u>**

Stephen Williams has filed a motion to suppress the physical evidence obtained as a result

of a stop of the vehicle that he was driving on January 25, 2007.  Williams argues that the only basis

for the stop was an informant's tip and that there was no basis for believing that the informant was

reliable.

The report of Little Rock Police Department Detective Charles Allen states that he obtained

information from a reliable confidential informant that Williams was distributing large quantities

of narcotics.  The report does not describe the basis upon which Allen concluded that the informant

was reliable.  However, the report also states, "Detective Allen also found that Stephen Williams

showed to have a suspended Arkansas Drivers License."  Allen's report also says that Allen observed

Williams leave a residence and drive away in a vehicle, after which Allen contacted members of the

Little Rock Police Department Southwest Patrol Division to initiate a traffic stop on Williams.  The

report of Officer Ronnie Morgan, who assisted in the traffic stop, says that Detective Allen had

advised that the driver of the vehicle, Stephen Williams, had a suspended driver's license.  Driving

on a suspended license is a misdemeanor in Arkansas.  ARK. CODE ANN. § 27-16-303.  "If an officer

determines that a person is driving on a suspended license, then the officer has probable cause to

arrest."  *United Sates v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007).  The stop therefore was based on

probable cause to believe that Williams was committing a crime under Arkansas law.  The stop was not invalid.

The officers' reports state that after Williams was stopped one of the officers observed him throw something toward a nearby residence.  A clear plastic baggie containing approximately two ounces of crack cocaine was recovered from the area where Williams was seen to throw the item.  A pat-down search uncovered $1,000 in cash in Williams's left front pants pocket.  Officers are permitted to conduct a limited protective search to make sure that a person who has been stopped does not have a weapon.  *United Sates v. Stachowiak*, 521 F.3d 852, 855 (8th Cir. 2008).  If, while conducting a valid search, officers discover drug-related evidence instead of a weapon, the Fourth Amendment does not require that the drug-related evidence be suppressed.  *Id.*

The motion to suppress the physical evidence is DENIED.  Document #32.

IT IS SO ORDERED this 31st day of July, 2008.


_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE