**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                     PLAINTIFF

v.                                            NO. 4:07CR00248 JLH

STEPHEN WILLIAMS                                                                                 DEFENDANT

## ORDER

In 2008, Stephen Williams pled guilty to and was convicted of one count of possessing with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The offense occurred on or about January 25, 2007. Because the quantity of cocaine base exceeded 50 grams, the statute then in effect provided for a minimum term of imprisonment of ten years. 18 U.S.C. § 841(b)(1)(A) (2006). The government, however, moved for a downward departure based on Williams's substantial assistance, and that motion was granted. Williams was then sentenced to a term of 78 months in the Bureau of Prisons. The judgment was entered on December 11, 2008.

Williams has now filed a motion for reduction in his sentence, stating that a memorandum has been posted at the Bureau of Prisons stating that motions for sentence reductions in crack cocaine cases could be filed due to the change in the ratio of punishment between cases involving cocaine powder and cocaine base. This is Williams's second motion for a sentence reduction. In his first motion, he sought a sentence reduction based on the retroactive guideline amendments that became effective on November 1, 2007, regarding cocaine base or crack cocaine. The Court denied that motion for a sentence reduction because Williams was sentenced on December 11, 2008, which was after the amendments had gone into effect, so to the extent that the guidelines for sentences

pertaining to crack cocaine cases were applicable to Williams's sentence, Williams had received the benefit of the reductions in the guideline ranges for crack cocaine offenses at his sentencing.

Now Williams has again filed a motion for reduction, as noted, saying that he is entitled to a sentence reduction based on a memorandum posted at the Bureau of Prisons website. He did not attach a copy of the memorandum, so the Court has no information regarding what that memorandum says.

The government has responded and stated that Williams is seeking to reduce his sentence based on the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 was Senate Bill 1789, which was signed into law on August 3, 2010, as Public Law 111-220. The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1), in part, by increasing the quantity of cocaine base that would result in a mandatory minimum ten year sentence from 50 grams to 280 grams and by increasing the quantity that would result in a mandatory minimum sentence of five years from 5 grams of cocaine base to 28 grams of cocaine base. Because the Fair Sentencing Act contains no express statement that it is retroactive, the general savings statute, 1 U.S.C. § 109, requires the Court to apply the penalties that were in effect at the time the crime was committed. *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010).

The United States Sentencing Commission amended the guidelines based on the Fair Sentencing Act in Amendment 748 effective November 1, 2010.[1] Amendment 748 has not been made retroactive. Because Amendment 748 is not retroactive, the Court has no authority to reduce Williams's sentence. 18 U.S.C. § 3582(c)(2).

---

[1] U.S. Sentencing Guidelines Manual app. C (2010). Had those amendments been in effect when Williams was sentenced, his base offense level would have been reduced from 30 months to 26 months.

For these reasons, Williams's motion for a reduction of his sentence is denied. Document #56.

IT IS SO ORDERED this 3rd day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE